IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| ROBIN L. HAGEN, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 11-4133-CV-C-ODS |
| MICHAEL J. ASTRUE, Commissioner of Social Security. | ) |

## ORDER AND OPINION REVERSING COMMISSIONER'S FINAL DECISION AND REMANDING FOR RECONSIDERATION

Pending is Plaintiff's request for review of the final decision of the Commissioner of Social Security denying her applications for disability benefits and supplemental security income benefits. The Commissioner's decision is reversed, and the case is remanded for reconsideration.

In rejecting Plaintiff's claim, the ALJ found, *inter alia*, that Plaintiff suffered from a "syncope episode" on September 13, 2006 (Plaintiff's alleged onset date) and thereafter was diagnosed as suffering from Moyamoya disease. For a number of years thereafter, Plaintiff reported experiencing numbness and stroke-like or seizure-like episodes periodically. She testified during the hearing that she continues to experience one to two episodes per month, which the VE testified would preclude her from working.

The ALJ found that Plaintiff's condition can cause the symptoms Plaintiff described, but found Plaintiff's testimony was not credible. The problem is, the ALJ did not explain *why* Plaintiff's testimony was not credible. The ALJ seems to have relied principally on Plaintiff's daily activities, but while daily activities may bear on a claimant's credibility they can do so only if those activities are inconsistent with the claimant's alleged limitations. In this case, Plaintiff's activities are not necessarily inconsistent with her testimony.

Of greater concern is the discounting of the probable effects of Plaintiff's Moyamoya disease. According to a website maintained by the National Institutes of

Health,[1] "Moyamoya disease is a rare, progressive cerebrovascular disorder caused by blocked arteries at the base of the brain in an area called the basal ganglia. The name moyamoya means 'puff of smoke' in Japanese and describes the look of the tangle of tiny vessels formed to compensate for the blockage. The disease primarily affects children, but it can also occur in adults. . . . Adults most often experience a hemorrhagic stroke due to recurring blood clots in the affected brain vessels." The usual treatment is surgery, although Plaintiff has not undergone surgery and there is no suggestion surgery was ever recommended to her. This is significant because "[w]ithout surgery, the majority of individuals with Moyamoya disease will experience mental decline and multiple strokes because of the progressive narrowing of arteries." The Court does not hold itself out as a medical expert; however, this information lends special credence to Plaintiff's testimony that she continues to experience recurrent attacks.

While there is significant medical evidence in the Record, it is insufficient to support (or fully detract from) the ALJ's opinion. The medical evidence confirms the finding of Moyamoya disease. The medical evidence confirms a series of ischemic episodes. However, it neither confirms nor refutes the frequency of those episodes. For instance, on October 27, 2009 – approximately two months before the administrative hearing – Dr. Robert Burger (a neurologist at University Hospital) wrote that Plaintiff suffered from "moyamoya disease with significant intracranial arterial narrowing. This appears to be at least stable. Possible seizures. At this point these are under good control." R. at 269-70. It is not clear whether "good control" is consistent with or inconsistent with Plaintiff's testimony. Dr. Burger also noted Plaintiff was being seen that date for a follow up following, among other things, "possible seizures" – but the report does not clearly indicate the number or frequency of those seizures. In short, the medical records are insufficient to justify rejection of Plaintiff's testimony.

---

[1] http://www.ninds.nih.gov/disorders/moyamoya/moyamoya.htm (last visited March 21, 2012).

The Court is additionally concerned that there does not appear to be a statement from a treating physician regarding the effects or limitations, if any, of Plaintiff's condition. The absence is particularly telling in a case such as this, where it is acknowledged the claimant suffers from a medical condition that is normally expected to cause ischemic episodes. Indeed, the ALJ seemed to recognize that some limitations exist when she found Plaintiff needed to avoid exposure to hazardous machinery;[2] if this limitation exists because of the risk of ischemic episodes, what other limitations might exist? It is true that there appear to be no vocational limitations placed on Plaintiff by doctors – yet, this one was found to exist by the ALJ. It is also incredible to believe Plaintiff's medical condition imposes no limitations on Plaintiff's functional capabilities, and before such a finding is made explicit evidence to that effect is necessary.

The Court concludes the final decision should be reversed and the case remanded for further proceedings. On remand, the Commissioner shall solicit information from Plaintiff's treating doctors regarding the existence and basis for any vocational limitations caused by *any* of her medical conditions, including particularly her Moyamoya disease. Development of the Record should include the addition of reports generated after the hearing because Moyamoya disease is degenerative in nature and such reports may provide information bearing on Plaintiff's condition during the relevant time period. Inasmuch as the case is being remanded for these purposes, the ALJ should also solicit information regarding the extent and effects (if any) of Plaintiff's depression. Once the Record is augmented as described, the Commissioner shall re-evaluate Plaintiff's credibility and her residual functional capacity.

IT IS SO ORDERED.

                                                  /s/ Ortrie D. Smith
                                                  ORTRIE D. SMITH, SENIOR JUDGE
DATE: March 26, 2012                 UNITED STATES DISTRICT COURT

---

[2]The Court is not sure how this finding is consistent with the ALJ's ultimate conclusion that Plaintiff could return to her past work as a forklift operator or production assembler, but there is no need to resolve this inconsistency.